FILED
2017 JAN 23 AM 8:50
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTIRCT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVION

SAUL LARA,

    Plaintiff,

v.

BEST DRY CLEANERS, INC., a Florida Corporation,

    Defendant.

State Case No.: 2016-CC-13847

Civil Case No: 6:17-cv-99-Orl-28TBS

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, BEST DRY CLEANERS, INC., ("Defendant" or "Best Cleaners") hereby files this Notice of Removal of this action from the Ninth Judicial Circuit, Orange County, Florida, wherein it is now pending as Case No.: 2016-CC-13847 to the United States District Court, Middle District of Florida, Orlando Division, which is the location where this action is pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1337, 1441, and 1446, and Best Cleaners asserts as follows:

1. On December 22, 2016, Plaintiff, Saul Lara, commenced an action against Defendant in the Ninth Judicial Circuit of Florida in Case No.: 2016-CC-13847, entitled, *"Saul Lara, Plaintiff v. Best Dry Cleaners, Inc., Defendant."*

2. Defendant, Best Cleaners, first received notice of this action through Service of Process of the Complaint on December 22, 2016. (See Exhibit "A") Therefore, this Notice of Removal is being filed within 30 days of Best Cleaner's notice of this action as required by 28 U.S.C. §1446.

3. This Notice of Removal will be filed with the Ninth Judicial Circuit of

Florida and a copy will be served on the Plaintiff's counsel as required by 28 U.S. C. §1446

4. In accordance with Local Rule 4.02, a copy of this Notice of Removal along with true and legible copies of all process, pleadings, orders and other papers or exhibits of every kind, including depositions, then on file in the state court are attached hereto as Exhibit "B".

5. Also, Defendant has filed contemporaneously with this Notice a civil cover sheet.

6. Defendant, Best Cleaners has paid the required removal fee to the Clerk of the Court.

## MEMORANDUM OF LAW IN SUPPORT OF NOTICE OF REMOVAL

### REMOVAL GENERALLY

Federal Statute, 28 U.S.C. §§ 1441 (a) & (b) provide for removal to federal court, in pertinent part, as follows:

> a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending...

> b) Any civil action which the district courts have original jurisdiction founded on a claim or arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties . . .

A party who removes a case to federal court pursuant to 28 U.S.C. § 1441 must prove that the federal district court possesses "original jurisdiction," which exists when the Plaintiff's claims arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331. Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. See *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998).

## FEDERAL QUESTION JURISDICTION

Federal question jurisdiction is governed by the "well pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 n. 7, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *See also, Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). The plaintiff is the master of the complaint, and federal question jurisdiction is only proper if the removing party can establish one of the following: 1) a federal claim is asserted on the face of the complaint; 2) under the "artful pleading doctrine," federal claims were wrongly characterized as state law claims, or 3) the state law claim requires the interpretation of federal law. *Rivet v. Regions Bank*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1988); *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 807–10, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Rains v. Criterion Sys. Inc.*, 80 F.3d 339, 343 (9th Cir.1996).

## FEDERAL JURISDICTION BASED ON THE FACE OF THE COMPLAINT

Plaintiff's complaint requests exclusive relief from Best Cleaners under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, (The "FLSA") (Hereinafter, "FLSA").

Specifically, Plaintiff's Complaint, Count I, allege Best Cleaners violated specified sections of the FLSA. (See Exhibit ).

In simple terms, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, is a federal statute governing the payment of wages to employees. FLSA would invoke both "Federal Question" jurisdiction pursuant to 28 U.S.C. §1331 and federal jurisdiction under 28 U.S.C. § 1337 (a) ("arising under any Act of Congress regulating commerce").

## CONCLUSION

From a plain reading of Plaintiff's complaint, the exclusive remedy sought is under the Fair Labor Standards Act. The FLSA is indisputably a federal statute and cause of action. The Federal District Court has Original jurisdiction over FLSA under the Federal Question and Commerce provision of federal law. Plaintiff did not plead any other cause of action with the FLSA and therefore removal of the case to the Federal District Court is proper.

WHEREFORE, Best Dry Cleaners Inc., respectfully requests that this United States District Court for the Middle District of Florida, accept jurisdiction over this action and remove this action from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.

Date: January 23, 2017

_____
Robert B. Griffis, Esquire
Fla. Bar No:   0523968
Rob.Griffis@JHHDefense.com
Jones, Hurley & Hand, P.A.
1040 Woodcock Road, Suite 100
Orlando, FL 32803
(407)895-8001
Attorney for the Defendant