UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAUL LARA, on his own behalf )
and on behalf of others similarly situated, )
  )
            Plaintiff, )
  )                          Case No. 6:17-cv-99-Orl-28TBS
  )
v. )
  )
BEST DRY CLEANERS, INC., )
 a Florida Corporation, )
  )
            Defendant. )
_____/

     This Settlement Agreement, Release and Waiver ("Agreement„) is made this 16th day of May, 2017, by and between Plaintiff, Saul Lara, (collectively, "Plaintiff„ or "Lara„) and Defendant, Best Dry Cleaners, Inc., (Best Dry Cleaners, Inc. and Saul Lara are collectively referred to herein as the "Parties„). This agreement is 8 pages in length, encompassing the Recitals, and twenty-six enumerated Paragraphs.

     WHEREAS, Plaintiff, Saul Lara, a former employee of Best Dry Cleaners, Inc., commenced litigation in the U.S. District Court for the Middle District of Florida –Orlando Division (the "Court„) captioned Saul Lara, on his own behalf and on behalf of others similarly situated v. Best Dry Cleaners, Inc., a Florida Corporation, Civil Action No. 6:17-cv-99-Orl-28TBS (the "Action„), in which he asserted claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA„) arising out of the alleged failure of Best Dry Cleaners, Inc. to compensate Plaintiff for all hours worked including overtime ("FLSA claims„); and

     WHEREAS, Best Dry Cleaners, Inc. denies that it has committed any wrongdoing or violated any state or federal law pertaining to payment of wages, overtime, or hours of work and has vigorously defended the claims asserted in the Action;

     WHEREAS, in order to avoid the expense and burden of further litigation, the Parties desire to resolve any and all claims that were or could have been asserted under the wage and hour provisions of the FLSA as well as those under the laws of the State of Florida;

1

WHEREAS, as of this date, since no Motion for Conditional Certification/Motion to Provide Similarly Situated Employees, if any, Notice of Opt-in Rights has been filed, there are no other individuals/employees asserting FLSA claims against Best Dry Cleaners, Inc. in this action; and

NOW, THEREFORE, in consideration of the foregoing promises and the mutual promises hereinafter set forth, the Parties agree as follows:

1. **Recitals**
The above recitals are true and correct and are incorporated by reference.

2. **Waiver and Release of Claims**
This agreement shall constitute a waiver and release of all claims Saul Lara may have under the wage and hour provisions of the FLSA as well as under the laws of the State of Florida for any wages.

3. **No Admission of Liability or Concession as to the Merits**
Best Dry Cleaners, Inc. expressly denies any wrongdoing or any violation of state or federal law as alleged in the Action.  Nothing contained in this Agreement shall be construed as an admission of any liability or concession as to the merits of any claim by any Party.

4. **Approval of Settlement**
All terms of this Agreement are contingent upon the approval by the Court of the Joint Motion for Approval of FLSA Settlement Agreement and Order Dismissing Action with Prejudice.

5. **Settlement Payment**

Best Dry Cleaners, Inc., on behalf of the Released parties agrees to pay the Plaintiff, Saul Lara, the following:

A.    Five Hundred and 00/100 Dollars ($500.00) as unpaid wages/overtime less applicable taxes and withholdings made payable to Saul Lara.  An IRS Form W-2 will be issued to Saul Lara in connection with this payment.

B.    ZERO and 00/100 Dollars ($0.00) for liquidated damages.

C.    ZERO dollars ($0.00) as attorney's fees and costs to his attorneys the Morgan & Morgan, P.A.

D.    That the obligation to make payment of the above referenced monies is contingent upon the District Court approval of the Joint Motion for Approval of FLSA

Settlement Agreement and Order Dismissing Action with Prejudice. Upon court order approving the same, Best Dry Cleaners, Inc. will have 5 business days to make payment by mail sent to the Morgan & Morgan, P.A.; Carlos Leach, Esquire (Saul Lara's Counsel) agrees to notify in writing Robert Griffis, Esquire (Best Dry Cleaners, Inc.'s Counsel) of the receipt of such monies. However, if the same are not received within the above timeframe, then Carlos Leach, Esquire (Saul Lara's Counsel) agrees to notify Robert Griffis, Esquire (Best Dry Cleaners, Inc.'s Counsel) in writing that such monies have not been received by the Morgan & Morgan, P.A, P.A. At which time, Best Dry Cleaners, Inc. will thereafter have an additional 5 business days to cure any such delinquent payment without causing any breach of this agreement.

F.      Saul Lara agrees that the above money represents the full amount of money that is owed and that no other payments are due and owing to him by Best Dry Cleaners, Inc. as a result of his employment with Best Dry Cleaners, Inc.

**6.    Responsibility for Taxes**

Saul Lara acknowledges and agrees that he is responsible for the payment of any and all federal, state and/or local taxes imposed on him by any revenue agency that are or may be owed taxes or other withholdings with respect to the monies paid him or on his behalf hereunder, other than those paid in accordance with the unpaid/overtime wages.

**7.    No Admission of Liability**

This agreement does not constitute and shall not be construed as an admission by any party of liability or wrongdoing or any violation of law and, to the contrary, any such interpretation is specifically denied. It is expressly understood and agreed that this agreement shall not be construed as, or be deemed to be, evidence of an admission or concession of any fault or liability or damage whatsoever on the part of Best Dry Cleaners, Inc. Saul Lara specifically acknowledges that, in entering into this Agreement and paying the consideration for this Agreement, Best Dry Cleaners, Inc. does not admit and expressly denies liability of any kind to Saul Lara and expressly asserts that Saul Lara's alleged claims are without merit. The Parties acknowledge that the settlement is being entered into to avoid the cost and expense of litigation.

**8.    Dismissal of Lawsuit**

Concurrent with the execution of this Agreement, the parties, through their respective counsel agree to file a Joint Motion for Approval of FLSA Settlement Agreement and Order Dismissing Action with Prejudice and the parties agree that this court shall dismiss the pending lawsuit with prejudice, which shall include all claims and counterclaims which were or may have been brought related to this suit or in any related state or federal court.

9.      **Prior Payments for Hours Worked**

Saul Lara represents that he has now been paid in full for all hours worked while employed with Best Dry Cleaners, Inc., including any alleged overtime hours worked while in any non-exempt job position and that he accurately reported his hours worked as required to do so while employed by Best Dry Cleaners, Inc.

10.     **Coverage of Release and Future Damages**

Saul Lara, on behalf of himself hereby releases, acquits and forever discharges Best Dry Cleaners, Inc. from any right or asserted right, whether absolute or contingent, due or to become due, disputed or undisputed, liquidated or unliquidated, known or unknown, express or implied or legal or equitable arising out of or relating in any way to the subject matter of the litigation only. Saul Lara understands and expressly agrees that he waives the right to receive any further compensation or damages other than set forth herein. Nothing contained in this Agreement shall prevent the parties from filing a lawsuit for the purpose of enforcing their rights under this agreement.

11.     **No Pending Claims**

Saul Lara represents that he has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against Best Dry Cleaners, Inc. with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board. Saul Lara further agrees that he will not initiate or institute any suit, claim, charge, action or legal proceeding against Best Dry Cleaners, Inc. that he has released in this agreement only.

12.     **Attorney's Fees and Costs**

Except as otherwise is set forth herein, each party shall be responsible for payment of their own attorneys' fees and costs.

13.     **Authority**

Saul Lara represents and warrants that he is authorized to enter into this agreement and that he has the authority to perform the terms of this Agreement. Saul Lara represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the released claims.

4

14. **Severability**

If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law and to that extent the agreement is severable.

15. **Governing Law and Venue**

This agreement shall be construed and governed in accordance with the laws of the State of Florida (without regard to its choice of law provisions) and subject to the exclusive jurisdiction of the Florida federal and state courts.  Venue shall lie exclusively in the federal and state courts of Orange County, Florida.

16. **Counterparts**

This agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

17. **Successors and Assigns**

This agreement is binding on each of the parties and their respective heirs, successors and assigns.

18. **Representations**

Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, that they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representative with regard to the subject matter, basis or effect of this Agreement.

19. **Drafting of Agreement**

The parties acknowledge that each party has participated in the drafting of this agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

20. **No Change to Agreement**

The parties acknowledge and assume the risk that additional or different facts which they believe to exist, may now exist, or may be discovered after this Agreement has been entered into.

The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

21. **Opportunity Consider and Confer**

Saul Lara expressly warrants and represents; that before executing this Agreement, he has fully informed himself of the terms, contents, conditions and effects thereof that in making the settlement represented by this Agreement, he has had the benefit of the advice of counsel of his own choosing that no promise or representation of any kind has been made to him, expect as expressly stated within this agreement that he fully understands and is in complete agreement with all terms of this Agreement and, that he is entering into this Agreement of his own free will, Saul Lara further expressly warrants and represents that he has relied solely and completely on his own judgment and the advice of his counsel in making the settlement represented by this agreement and he agrees that he has not relied on any representation or statement not set forth in this Agreement.

22. **Consultation**

Saul Lara acknowledges that he has been advised to consult an attorney and/or tax professional prior to signing this agreement. Lara understands that whether or not he consults with an attorney or tax professional is solely his decision. In this respect, Saul Lara has consulted with Carlos Leach, Esquire and/or the attorneys of the Morgan & Morgan, P.A. regarding his matter and is satisfied that he has received excellent legal advice and that they have explained to him all his options in connection with this Agreement.

23. **Court Approval and Payment**

Should the Court specifically not approve the proposed settlement of this litigation, this Agreement shall be null and void and no payment set forth herein shall be required. If the Court approves the proposed settlement of this litigation, Best Dry Cleaners, Inc. agrees that within the timeframe set forth within Paragraph 5 above, following the Court's approval of the settlement and dismissal with prejudice in this matter, they will make payment of the monies as set out therein.

24. **Acknowledge Full Understanding of the Agreement**

This Agreement is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms conditions and legal significance of this Agreement.

6

Date

Saul Lara

Date   7/15/2017

Best Dry Cleaners, Inc. (Best Dry Cleaners, Inc.)

Print Name
Print Title
Initial

Date 7/21/2017

Saul Lara

Date _____

Best Dry Cleaners, Inc. (Best Dry Cleaners, Inc.)

Print Name _____
Print Title _____
Initial _____

7