UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAUL LARA,

     Plaintiff,

v.                                   Case No:   6:17-cv-99-Orl-28TBS

BEST DRY CLEANERS, INC.,

     Defendant.

---

## SETTLEMENT AGREEMENT

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiff, Saul Lara, and Defendant, Best Dry Cleaners, Inc., intending to be legally bound, agree as follows:

1. This Settlement Agreement is made and entered into to resolve Plaintiff's claims ("Claims") asserted against Defendant in this case.

2. None of the payments and other consideration given pursuant to this Settlement Agreement shall be considered an admission of wrongdoing or liability by any party. The parties have entered into this Settlement Agreement for the sole purpose of resolving the Claims, including all related attorney's fee and cost claims, and to avoid the burden, expense, delay and uncertainties of further litigation.

3. Defendant shall pay Plaintiff, the sum of $500, less applicable withholdings and deductions, in full and final settlement of Plaintiff's claims for unpaid wages. Upon receipt of this payment, Plaintiff acknowledges that he will have received all wages owed to him by Defendant. Plaintiff shall supply a fully completed IRS Form W-4 to Defendant and shall receive a fully completed IRS Form W-2 in connection with this payment. Payment

shall be made by a single check to a trust account designated by Plaintiff's attorney, to thereafter be distributed by Plaintiff in conformity with this Agreement.

4. Defendant shall not pay any liquidated damages, attorney's fees, or costs to or for the benefit of Plaintiff. Defendant is responsible for its own attorney's fees and costs. Counsel for Plaintiff has waived fees and costs in this case.

6. Defendant makes no representations or warranties concerning the tax requirements or treatment of the payment made to Plaintiff. Plaintiff is solely responsible for all tax consequences resulting from the payment.

5. Plaintiff hereby releases and discharges Defendant of and from any and all liability for the Claims.

6. The enforceability of this Settlement Agreement is conditioned upon court approval. The parties shall jointly move the court to approve this Settlement Agreement and, upon approval, ask the court to dismiss this case with prejudice. If the court rejects this Settlement Agreement, then it shall be deemed null and void ab initio.

7. This Settlement Agreement sets forth the complete agreement between the parties and fully supersedes any and all prior agreements or understandings between them pertaining to the subject matter of this Settlement Agreement.

8. The parties are represented by counsel of their choosing. Each party represents to the other party that he/it has had sufficient time to consult with his/its attorney before entering into this Settlement Agreement, and that he/it is making this Settlement Agreement freely, voluntarily, and because he/it wants to.

9. This Settlement Agreement may be signed in counterparts, but shall be interpreted and construed as if signed in one document.

10. This Settlement Agreement may not be amended or modified except by a

writing signed by authorized representatives of both parties.

11. This Settlement Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against any party.

12. In any action to enforce this Agreement, the prevailing party shall be entitled to recover costs and attorney's fees from the other party.

Dated to be effective this _15_ day of _September_, 2017.

Plaintiff

_____

Saul Lara

_____

Attorney for Plaintiff
Florida Bar No._____

Defendant Best Dry Cleaners, Inc.

By: _Gary Shif_ _____

Its: _President_ _____

_____

Attorney for Defendant
Florida Bar No. _0523968_

- 3 -

writing signed by authorized representatives of both parties.

      11. This Settlement Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against any party.

      12. In any action to enforce this Agreement, the prevailing party shall be entitled to recover costs and attorney's fees from the other party.

      Dated to be effective this ___ day of _____, 2017.

Plaintiff

_____
Saul Lara

_____
Attorney for Plaintiff
Florida Bar No. _____

Defendant Best Dry Cleaners, Inc.

By:_____

Its:_____

_____
Attorney for Defendant
Florida Bar No._____